BENTON, J.,
concurring.
As the majority opinion explains, the University of North Florida is not a “school district” within the meaning of section 790.115(2)(a)3., Florida Statutes (2011). The trial court was in error on this point, and the case has to go back. But section 790.115(2)(a)3. does not control disposition of the entire case, and the court is not saying otherwise today.
Statutory prohibitions against exhibiting a firearm “at a school-sponsored event or on the grounds or facilities of any school” *978 and against possessing a firearm outside a vehicle “on the property of any school” “except as authorized in support of school-sanctioned activities, at a school-sponsored event” also pertain. See § 790.115(1), (2)(a), Fla. Stat. (2011). The University is a “postsecondary school” for purposes of these provisions. See § 790.115(2)(a)3., Fla. Stat. (2011).
Section 790.06(12)(a)9. and 13., Florida Statutes (2011), make clear, moreover, that licenses to carry concealed weapons do not authorize carrying a handgun openly or carrying a concealed firearm into “[a]ny school, college, or professional athletic event not related to firearms” or into “[a]ny college or university facility unless the licensee is a registered student, employee, or faculty member of such college or university and the weapon is a stun gun or nonlethal electric weapon or device designed solely for defensive purposes and the weapon does not fire a dart or projectile.”
In short, the University successfully advanced its stated purpose to “clarify [its] weapons policy while remaining consistent with Florida law” when it stated in its Policies & Regulations that the University is a school as defined in section 790.115, Florida Statutes; that statutory prohibitions forbid possession of firearms on school property — except as specifically allowed in chapter 790 (e.g., in a vehicle pursuant to section 790.25(5), Florida Statutes, or in the limited circumstances (like ROTC) set forth in sections 790.115 and 790.06) — and that failure to observe the ban may subject offending students to school discipline, not to mention criminal prosecution.
While the Florida Constitution confers on the Legislature the right and responsibility to regulate “the manner of bearing arms,” Art. I, § 8(a), Fla. Const., the Legislature may exercise its constitutional prerogative by delegating article I section 8 authority to the Board of Governors or directly to the university boards of trustees, just as it delegated article I section 8 authority to the Fish and Wildlife Conservation Commission by enacting section 790.33(4)(e), Florida Statutes (2011), and to the school districts by enacting section 790.115(2)(a)3., Florida Statutes (2011).
As (among other things) a partial, contingent or potential delegation of article I section 8 authority, section 1001.706(7)(b), Florida Statutes (2011), must, however, be construed in pari materia with section 790.115, Florida Statutes (2011). No fair reading of section 1001.706(7)(b) provides authority for the anonymous drafters of a student conduct code to set at naught section 790.115 or any other duly enacted statute. There is, indeed, no true “regulation at issue” in the present case, the dissenting opinion notwithstanding.
On remand, the trial court needs to revisit its ruling with regard to the University’s policy against lawfully storing securely encased weapons “in their vehicle[s] while on any University property or University-controlled property.” But a sweeping declaration that “[a]ll UNF rules and administrative regulations regarding firearms are null and void,” as demanded in the first amended complaint, is plainly unwarranted.